UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JAMES TOWNSEND #339221 | CIVIL ACTION NO. 18-cv-1619 |
| VERSUS | CHIEF JUDGE HICKS |
| JERRY GOODWIN, ET AL | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

### Introduction

James Townsend ("Plaintiff") is an inmate housed at the David Wade Correctional Center ("DWCC"). Plaintiff alleges that he was forced to apply for a Pell Grant and participate in a class. He named as defendants three DWCC officials and the class instructor who was employed by an area college. Before the court is a **Motion to Dismiss (Doc. 13)** filed by the DWCC officials. For the reasons that follow, it is recommended that the motion be granted and that the court *sua sponte* dismiss the claims against the college employee.

### Rule 12(b)(6); Section 1915

The movants ask the court to dismiss the claims against them pursuant to Fed. R. Civ. Pro. 12(b)(6) for failure to state a claim on which relief may be granted. In assessing a motion to dismiss, the court must accept as true all well-pleaded facts in the complaint and view those facts in the light most favorable to the plaintiff. In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007). Those facts must state a claim that rises above the speculative level and is plausible on its face. Bell Atlantic Corp. v.

Twombly, 127 S.Ct. 1955, 1964-65 (2007); Amacker v. Renaissance Asset Mgmt., LLC, 657 F.3d 252, 254 (5th Cir. 2011). A complaint is not sufficient if it offers only "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 127 S.Ct. at 1965).

Plaintiff is proceeding as a pauper, which gives the court an additional basis to review his complaint. Under 28 U.S.C. § 1915(e)(2)(B)(i) & (ii), the district court shall dismiss an IFP complaint at any time if it determines that the complaint is frivolous or malicious or fails to state a claim upon which relief may be granted. A complaint is frivolous if it lacks an arguable basis in law or fact. It lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. The complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. Rogers v. Boatright, 709 F.3rd 403, 407 (5th Cir. 2013).

**Relevant Allegations**

Plaintiff alleged in his complaint that he was put on callout in November 2018 for a Wiley College program, without his knowledge, and was told to fill out paperwork to see if he was eligible for a Pell Grant. A few weeks later, he was again put on callout and was "being made to take the class by DWCC." Plaintiff alleged that he spoke to the facilitator, Tracy Andrus, and told him that he did not want to take the class at that time. Andrus allegedly responded that he understood, that Plaintiff did not have to take the class, and that Plaintiff would be dropped from the class before it began.

Plaintiff alleged that DWCC nonetheless "kept putting me on mandatory callout with the threat of locking me up if I didn't show up." Plaintiff alleged that he attended the class but did not complete any work because Mr. Andrus told him that he had been dropped from the course. Plaintiff alleged that it seemed to him as if DWCC was conspiring to commit some form of fraud or malfeasance. His complaint demanded that DWCC or Wiley College return any grant money to the federal student aid department, pay him for the cost of this suit, and not retaliate against him.

Plaintiff listed as defendants DWCC Warden Jerry Goodwin, Assistant Warden Kayla Sherman, and Tammie Wynn. But the factual allegations in Plaintiff's complaint did not mention any of those officials or any other particular DWCC official. Those three defendants filed a motion to dismiss.

Plaintiff responded to the motion to dismiss with an amended complaint (Doc. 19) that consisted of documents that allegedly support the original allegations. Those documents include purported affidavits from two fellow prisoners, but neither is executed by a notary. The written statements say that the inmates heard Mr. Andrus tell Plaintiff that he did not have to take the class and that he would be dropped from it before work began. Another document is a Student Aid Report Acknowledgment from the Department of Education to Plaintiff. The letter states that, based on an application, it appeared Plaintiff may be eligible for a Pell Grant of up to $5,920. Another letter from the Department to Plaintiff states that it is unable to cancel his application for student aid, but he should inform the financial aid office at the school he planned to attend if he will not enroll and apply for

federal student aid. The financial aid office would be responsible for cancelling any aid the school awarded.

The amended complaint also included a letter that Plaintiff wrote to Mr. Andrus and Wiley College. The letter recounts Plaintiff's assertion that, before class started, he told Mr. Andrus that he wanted to be dropped from the class, and Mr. Andrus agreed to do so. DWCC nonetheless kept Plaintiff on the callout for the class, with the threat of a write-up if he did not attend. Plaintiff described how he had written to the Department of Education "to stop my Pell Grant money because I wasn't going to school right then," and Plaintiff wanted to see what was being done before he filed a civil suit concerning the Pell Grant money.

**Analysis**

    **A. Goodwin, Sherman, and Wynn**

Section 1983 provides a cause of action against any person who deprives another of any rights, privileges, or immunities secured by the Constitution and laws of the United States. To make a sufficient claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. Moore v. Willis ISD, 233 F.3d 871, 874 (5th Cir. 2000); Lock v. Torres, 694 Fed. Appx. 960, 963 (5th Cir. 2017). This requires the plaintiff to identify defendants who are either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged. Woods v. Edwards, 51 F.3d 577, 583 (5th Cir. 1995); see Thompson v.

Steele, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action.").

Plaintiff's complaint and amended complaint make allegations that "DWCC" forced him to attend class under threat of a writeup or being placed in segregation. But Plaintiff's allegations never identify any individual DWCC official who was behind such an order or threat. Absent any allegation that Warden Goodwin, Kayla Sherman, or Tammie Wynn were personally involved in such actions, Plaintiff has not stated a claim against any of them under Section 1983.

Plaintiff has also not alleged a plausible claim of a constitutional violation. Plaintiff claims that he was forced to attend class under threat of discipline, but he does not allege that he was ever actually written up or punished in any way. Mere threats do not amount to a constitutional violation. McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir. 1983). Plaintiff has an unspecified threat by an unspecified person that he might be disciplined, but he has not alleged that there was any discipline. He has not, therefore, stated a claim based on these facts. Bell v. Woods, 382 Fed. Appx. 391, 393 (5th Cir. 2010) ("Bell has not stated a retaliation claim because he has alleged only a threat, but no retaliatory adverse act."). The three movants from DWCC are entitled to the dismissal of all claims against them.

**B. Tracy Andrus**

Tracy Andrus has not yet been served, but the court should dismiss all claims against him *sua sponte*. The court has the authority under Section 1915 to review an IFP complaint to determine whether it states a non-frivolous claim. And "[a] district court may dismiss

an action on its own motion under Rule 12(b)(6) as long as the procedure employed is fair." Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998). This procedure is fair, because this Report and Recommendation provides Plaintiff with sufficient notice of and opportunity to respond to the possible dismissal of his case. Alexander v. Trump, 753 Fed. Appx. 201, 208 (5th Cir. 2018) (report and recommendation process allowed notice and opportunity to respond to dismissal of claims against the governor before he was served).

Plaintiff has not alleged that Andrus took anything from him, made him liable for repayment of any financial aid, or imposed any punishment on him. Plaintiff merely alleges that he asked Andrus to be dropped from a class, and Andrus said that he would do so. The fact that DWCC allegedly forced Plaintiff to continue attending the class does not make Andrus liable for any form of constitutional violation. Neither is there any basis in the facts alleged to find that Andrus is in any way responsible to Plaintiff in connection with the Pell Grant application. It is not even clear from the record whether the grant was awarded. Even if it were, the funds would have been paid to Wiley College (which is not a defendant) and not the individual instructor. Andrus is also entitled to a dismissal of all claims against him.

Accordingly,

It is recommended that the Motion to Dismiss (Doc. 13) filed by defendants Goodwin, Sherman, and Wynn be granted and that all claims against them be dismissed with prejudice for failure to state a claim on which relief may be granted. It is further recommended that all claims against Tracy Andrus be dismissed with prejudice for failure to state a claim on which relief may be granted.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 18th day of September, 2019.

Mark L. Hornsby
U.S. Magistrate Judge